USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Modesta R. Sabeniano,

                    Plaintiff,

          –v–

Citibank, N.A., New York, et al.,

                    Defendants.

---

16-cv-1723 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On October 30, 2020, the *pro se* Plaintiff filed a motion styled as a "Manifestation &

Motion for Reconsideration Aug. 14, 2020 Order w/ Urgent PLEA to Leave of Court the

Recognition and Enforcement 18 Years."  Dkt. No. 85.  The motion is denied.

On September 1, 2017, the Court issued its Memorandum and Order, which warned

Plaintiff that "any further vexatious filings or litigation against the Defendants," including "any

frivolously brought motion for reconsideration of [the September 1, 2017 Memorandum and

Order]," "may result in a filing injunction."  Dkt. No. 63 at 9.  The Court repeated this

admonishment in the October 20, 2017 Order it issued following Plaintiff's filing of a "reply" to

the Court's September 1, 2017 Memorandum and Order. *See* Dkt. No. 68 ("The Court

emphasizes that this matter is now closed. Any other filings by Plaintiff may result in [a] filing

injunction.").

On September 23, 2019, Plaintiff filed a Rule 60(b) motion, Dkt. No. 72, and on October

17, 2019, Defendants filed a cross-motion requesting a filing injunction, *see* Dkt. No. 74.  The

Court denied as untimely Plaintiff's Rule 60(b) motion.  *See* Dkt. No. 81.  It also granted

Defendants' cross-motion for a filing injunction, explaining that "[h]aving twice put Plaintiff on notice that future vexatious or frivolous filings against Defendants may result in a filing injunction, for reasons already stated in its September 1, 2017 Memorandum and Order, *see generally* Dkt. No. 63, the Court now bars Plaintiff from filing any motions or commencing any action against Defendants to enforce any judgment from the Philippines without first obtaining from the Court leave to file, regardless of whether she pays the filing fee or seeks IFP status." Dkt. No. 81 at 5.

On September 14, 2020, Plaintiff's son attempted to file a notice of appeal on Plaintiff's behalf. *See* Dkt. No. 83. The Court denied this motion on the basis that "an individual may not be represented in court by another person who is not an attorney." Dkt. No. 84 at 1 (citing *Powerserve International, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001). The Court granted leave for Plaintiff to re-submit a corrected notice of appeal. *See id.* at 2. To date, Plaintiff has not filed a notice of appeal.

Plaintiff's October 30, 2020 motion is denied as a violation of the August 14, 2020 filing injunction against her, which made clear that Plaintiff is barred "from filing any motions or commencing any action against Defendants to enforce any judgment from the Philippines without first obtaining from the Court leave to file." Dkt. No. 81 at 5. The present motion is styled as requesting leave of the Court "to RECOGNIZE and ENFORCE the Judgment of the Foreign Court of Appeals way back March 2002 Decision Recorded in the book of Entry 2003 and it's now 18 years . . . ." Dkt. No. 85 at 1. The conclusion, however, makes clear that this is yet another motion seeking to enforce a judgment from the Philippines: "Plaintiff-Pro-Se humbly files Manifestation and Motion before the Honorable District Court solely to RECOGNIZE and ENFORCE the FOUR DECADES Foreign Judgment of the Philippine Supreme Court." *Id.* at 3.

While the Court denies the motion on the basis that it is a violation of the filing injunction, were it to reach the merits, it would deny the motion for the same reasons stated in its September 1, 2017 Memorandum & Order, Dkt. No. 63, and its August 14, 2020 Order, Dkt. No. 84.  The present motion raises no new grounds.  In addition, the new motion would be untimely. *See* S.D.N.Y. Local Rule 6.3 ("[A] notice of motion for reconsideration . . . shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . .").

Plaintiff is hereby advised that any future filings made without first obtaining Court permission shall result in additional sanctions.  Any such request for judicial permission to file additional documents must be made by filing a letter that is not to exceed one page.  The Court will not entertain further motions to enforce the judgment, as per the filing injunction.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and note that mailing on the public docket.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  November 19, 2020
          New York, New York

_____
    ALISON J. NATHAN
United States District Judge