UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020
```

Modesta R. Sabeniano,

               Plaintiff,

      –v–

Citibank, N.A., New York, et al.,

              Defendants.

16-cv-1723 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On December 7, 2020, Court received by mail the attached letter from the *pro se* Plaintiff. The Court construes Plaintiff's letter as requesting leave to file another motion against Defendants in order to enforce a foreign judgment. That request is DENIED.

    On September 1, 2017, the Court issued its Memorandum and Order, which warned Plaintiff that "any further vexatious filings or litigation against the Defendants," including "any frivolously brought motion for reconsideration of [the September 1, 2017 Memorandum and Order]," "may result in a filing injunction." Dkt. No. 63 at 9. The Court repeated this admonishment in the October 20, 2017 Order it issued following Plaintiff's filing of a "reply" to the Court's September 1, 2017 Memorandum and Order. *See* Dkt. No. 68 ("The Court emphasizes that this matter is now closed. Any other filings by Plaintiff may result in [a] filing injunction."). On September 23, 2019, Plaintiff filed a Rule 60(b) motion, Dkt. No. 72, and on October 17, 2019, Defendants filed a cross-motion requesting a filing injunction, *see* Dkt. No. 74. The Court denied as untimely Plaintiff's Rule 60(b) motion. *See* Dkt. No. 81. It also granted Defendants' cross-motion for a filing injunction, explaining that "[h]aving twice put

Plaintiff on notice that future vexatious or frivolous filings against Defendants may result in a filing injunction, for reasons already stated in its September 1, 2017 Memorandum and Order, *see generally* Dkt. No. 63, the Court now bars Plaintiff from filing any motions or commencing any action against Defendants to enforce any judgment from the Philippines without first obtaining from the Court leave to file, regardless of whether she pays the filing fee or seeks IFP status." Dkt. No. 81 at 5.  On October 30, 2020, Plaintiff filed yet another motion for reconsideration, and on November 19, 2020, the Court denied the motion, Dkt. Nos. 85, 86.

The Court DENIES the present request for leave to file a motion to enforce the foreign judgment for the same reasons stated in its September 1, 2017 Memorandum & Order, Dkt. No. 63, and its August 14, 2020 Order, Dkt. No. 84.  Indeed, the present request raises no new grounds.  In addition, any new motion for reconsideration would be untimely.  *See* S.D.N.Y. Local Rule 6.3 ("[A] notice of motion for reconsideration . . . shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . .").

The Plaintiff is hereby advised that the Court will not entertain any new motions to enforce the judgment, having now ruled on the matter multiple times.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to note that mailing on the public docket.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 8, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge